IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,            )
                             )
    v.                       )    No.  11 C 3553
                             )       (04 CR 531)
STANLEY LOMAX,               )
                             )
        Defendant.            )

## MEMORANDUM OPINION AND ORDER

Stanley Lomax ("Lomax") has filed a 28 U.S.C. §2255[1] motion to challenge his three-count conviction on which he is currently serving a 308 month sentence.[2] This Court has conducted the preliminary review called for by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"), and this memorandum opinion and order reflects the results of that initial consideration.

Motion ¶2(b) reports that Lomax was sentenced on August 29, 2005, while Motion ¶9(d) reports that his conviction and sentence were affirmed by our Court of Appeals on July 16, 2007. Lomax neither sought certiorari (Motion ¶9(g)) nor pursued any other post-conviction remedies (Motion ¶10), but Clay v. United States, 537 U.S. 522, 532 (2003) holds that the time for seeking

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Lomax's conviction and sentencing were handled by this Court's former colleague, Honorable David Coar. Because Judge Coar retired at the end of 2010, this new filing came to this Court's calendar via random assignment.

certiorari should be added to determine when limitations begin to tick for Section 2255 purposes (bringing that date to mid-October 2007).

Lomax freely acknowledges that his current filing comes long after--indeed, over 2-1/2 years after--the one-year limitation period prescribed by Section 2255(f) expired in October 2008. Motion ¶18, reproduced here in full to avoid any possible mischaracterization, sets out both that acknowledgment and Lomax's excuse for that extraordinary delay:

> The Petitioner's § 2255 Motion is filed out-of-time, and/or beyond the one (1) year time limit. This is due to the fact that Petitioner paid an attorney to represent him in this matter by filing his §2255 Motion in a timely fashion. The Petitioner, for all this time, was led to believe that the Attorney he had hired, and paid, had already filed his §2255 Motion. However, the Petitioner just recently found out that the Attorney that Petitioner had hired took his money and did nothing and filed nothing. Proof of all these facts is attached, in the form of correspondence with this Attorney confirming all above facts and statements, as Exhibit A to this Motion.[3] The Petitioner believes this is sufficient evidence of his due diligence in attempting to file his Motion on time. Also, the Petitioner believes this is sufficient cause and prejudice to cause his Motion to be considered timely filed.

That concept--the idea that "due diligence" can coexist with what is colloquially termed "sleeping on one's rights"--is more than counterintuitive. What Lomax's position boils down to is

---

[3] [Footnote by this Court] Despite what he says there, Lomax did not file any Exhibit A. This opinion nonetheless credits his assertion, for it does not stave off his filing's untimeliness for the reason stated in the ensuing text.

that his lawyer's asserted malpractice in failing to proceed as promised somehow excuses Lomax's own total disregard of the passage of an extraordinarily lengthy period of time without taking the common-sense step of himself inquiring whether a Section 2255 motion had been filed on his behalf--and if so, why no ruling had been forthcoming for so long. In terms of legal doctrine the relief that Lomax seeks in that respect would come under the rubric of "equitable tolling."

That notion has been flatly--and unequivocally--rejected by our Court of Appeals. Here is what it said on that subject in <u>Modrowski v. Mote</u>, 322 F.3d 965, 967-968 (7th Cir. 2003) (numerous citations omitted):[4]

> Equitable tolling excuses an untimely filing when "[e]xtraordinary circumstances far beyond the litigant's control...prevented timely filing." [<u>United States v.</u>] <u>Marcello</u>, 212 F.3d [1005,] 1010 [(7th Cir. 2003)]. We rarely deem equitable tolling appropriate-- in fact, we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.
>
> \*       \*       \*
>
> [W]e, and numerous other courts, have held that attorney negligence is not grounds for equitable tolling. The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must "vigilantly oversee," and ultimately bear

---

[4] Although <u>Modrowski</u> was issued in the context of the federal habeas corpus treatment of a state conviction assertable under Section 2254, the one-year limitation period established by Section 2244(d)(1) for such cases parallels the one-year limitation period under Section 2255(f). And the principles of equitable tolling are identical under the two sections.

3

responsibility for, their attorneys' actions or
failures.

And that holding dooms Lomax's long-belated motion because of its untimeliness.

## Conclusion

Under Section 2255 Rule 4(b) "it plainly appears from the motion, any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief." Accordingly that Rule mandates the dismissal of Lomax's motion, and this Court so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 2, 2011